1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

|  |  |
|---|---|
|  | Case No. 12cv5074-JPH |
| JOHN CLIFTON WEYAND,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>Defendant. | ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY<br>JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 12 and 15. Attorney David L. Lybbert represents plaintiff (Weyand). Special Assistant United States Attorney Christopher J. Brackett represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 15.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

Weyand protectively applied for disability insurance benefits (DIB) on October 9, 2008, alleging onset as of March 31, 1986 (Tr. 112-115). The claim was denied initially and on reconsideration (Tr. 71-73, 76-77).

Administrative Law Judge (ALJ) James W. Sherry held a hearing January 14, 2011. Weyand, represented by counsel, and a vocational expert testified (Tr. 35-68). On April 8, 2011, the ALJ issued an unfavorable decision (Tr. 20-29). The Appeals Council denied review April 26, 2012 (Tr. 1-6), making the ALJ's decision final. Weyand filed this appeal pursuant to 42 U.S.C. §§ 405(g) on June 5, 2012. ECF No. 1.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Weyand was 44 years old on his last insured date and 63 at the hearing (Tr. 27, 40). He earned a GED and took classes at a community college. He worked as a carpenter for 20-25 years. Since at least January 1992, he has had constant back pain and sleep problems. He has only been able to stand and sit for 10-15 minutes and walk one block. He takes aspirin for pain. When asked why there were so few

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

1  medical records after about 1989, Weyand responded, "Well, I got no insurance, I

2  guess. I don't know."  (Tr. 43-44, 46, 48-50, 54, 57-60, 127).

## SEQUENTIAL EVALUATION PROCESS

3

4  The Social Security Act (the Act) defines disability as the "inability to engage

5  in any substantial gainful activity by reason of any medically determinable physical

6  or mental impairment which can be expected to result in death or which has lasted or

7  can be expected to last for a continuous period of not less than twelve months." 42

8  U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall

9  be determined to be under a disability only if any impairments are of such severity

10 that a plaintiff is not only unable to do previous work but cannot, considering

11 plaintiff's age, education and work experiences, engage in any other substantial

12 work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

13 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

14 vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

15 The Commissioner has established a five-step sequential evaluation process

16 for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step

17 one determines if the person is engaged in substantial gainful activities. If so,

18 benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the

19 decision maker proceeds to step two, which determines whether plaintiff has a

20 medially severe impairment or combination of impairments. 20 C.F.R. §§

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 3

1    404.1520(a)(4)(ii), 416.920(a)(4)(ii).

2        If plaintiff does not have a severe impairment or combination of impairments,

3    the disability claim is denied. If the impairment is severe, the evaluation proceeds to

4    the third step, which compares plaintiff's impairment with a number of listed

5    impairments acknowledged by the Commissioner to be so severe as to preclude

6    substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

7    C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

8    impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

9    not one conclusively presumed to be disabling, the evaluation proceeds to the fourth

10   step, which determines whether the impairment prevents plaintiff from performing

11   work which was performed in the past. If a plaintiff is able to perform previous work

12   that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv),

13   416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is

14   considered. If plaintiff cannot perform past relevant work, the fifth and final step in

15   the process determines whether plaintiff is able to perform other work in the national

16   economy in view of plaintiff's residual functional capacity, age, education and past

17   work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v.*

18   *Yuckert*, 482 U.S. 137 (1987).

19       The initial burden of proof rests upon plaintiff to establish a *prima facie* case

20   of  entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 4

1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and  (2)  a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner]

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Sherry found Weyand met the insured status requirements of the Act and was insured through March 31, 1992 (Tr. 20, 22). At the hearing the ALJ noted a prior DIB claim was denied January 9, 1992. Weyand's counsel agreed the prior

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

claim was not subject to reopening (Tr. 38, 123). This results in a very narrow time frame at issue in this case, as the ALJ pointed out: January 10, 1992 to March 31, 1992 (Tr. 38). At step one the ALJ found Weyand worked after onset but at less than SGA levels (Tr. 22). At steps two and three, he found Weyand suffers from lumbar degenerative disc disease status post-surgical decompression, an impairment that is severe but does not meet or medically equal a Listed impairment (Tr. 22- 23).

The ALJ found Weyand is able to perform a range of medium work (Tr. 24). At step four, relying on the VE, he found Weyand is unable to perform his past relevant work (Tr. 27). At step five, again relying on the VE, the ALJ found Weyand can perform other jobs, such as kitchen helper, cook helper and cannery worker. Accordingly, the ALJ found Weyand is not disabled as defined by the Act (Tr. 28-29).

**ISSUES**

Weyand alleges the ALJ (1) should have found him credible; (2) erroneously weighed the medical evidence; (3) failed to address a vocational report and (4) erred at step five. ECF No. 13 at 11-19. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks us to affirm. ECF No. 16 at 19.

**DISCUSSION**

*A. Credibility*

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 7

Weyand alleges the ALJ's credibility assessment is flawed. ECF No. 13 at 11-15.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

Weyand alleges the ALJ failed to give legitimate reasons for his credibility assessment. The ALJ relied on the lack of objective medical evidence,  medical records showing greater functioning than alleged, evidence of exaggeration, inadequately explained failure to seek treatment and use of non-prescribed pain medication  (Tr. 23-24, 26).

The ALJ is correct that objective test results are inconsistent with claimed limitations. Allegedly severe physical limitations are contradicted by normal findings on examination, including an exam in February of 1986  (5 months after the

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 8

industrial accident). Sensory and motor systems show no deficit. Reflexes are present and equal on both sides of the biceps, triceps and supinator, though reflexes in the ankle are sluggish bilaterally. Straight leg raising is negative on both sides and x-rays showed no significant changes. A myelogram in June 1986 showed "extremely minimal" findings and surgery was not recommended  (Tr. 204-05, 208-09). Even after Weyand eventually underwent surgery in March 1988, minimal findings, including minimal degenerative disease, were seen (Tr.  25, 240, 264).  By April 1991, treating Dr. Berkeley opined Weyand's results following lumbar surgery were "excellent," and he had been vocationally rehabilitated (Tr. 234). Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). An ALJ may properly consider subjective complaints contradicted by medical records when assessing credibility. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

Examining doctors opined in October 1986 Weyand's physical complaints appeared exaggerated (Tr. 25-26, 212), another factor properly considered. *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir. 2002). There is an inadequately explained lack of medical treatment, correctly considered by the ALJ. *Burch,* 400 F.3d at 680. Finally, evidence of conservative treatment is sufficient to discount a claimant's

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).

The reason Weyand offers for re-weighing credibility is not persuasive. The ALJ did not merely rely on the lack of supporting objective medical evidence when he assessed Weyand's credibility. The ALJ's reasons are clear, convincing and supported by substantial evidence. It is also free from harmful legal error.

*B. Medical evidence*

Weyand alleges the ALJ should have accepted the opinion of Edward Berkeley, M.D., that he meets Listing 1.04. ECF No. 13 at 15-17. The Commissioner responds that the ALJ's reasons for  rejecting this contradicted opinion are specific and legitimate, and Weyand failed to meet his burden of establishing all of the Listing's criteria. ECF No. 16 at 9-14.  The court agrees with the Commissioner.

The ALJ considered the entire record when he found no Listing was met.

The ALJ notes Dr. Berkeley rendered his opinion 20 years after he had last examined Weyand, and did not examine him in 2011 before opining Weyand met Listing 1.04. Significantly, the opinion was also rendered long after Weyand's last insured date, and after the hearing (Tr. 23, 26).

The ALJ observes, accurately, that Berkeley's 2011 opinion is not well supported by medically acceptable clinical and laboratory diagnostic techniques. It is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

1   also inconsistent with other substantial evidence, including Dr. Berkeley's own May

2   1991 opinion (at Tr. 23, 26-27, 243). Finally, the ALJ points out Dr. Berkeley's

3   May 23, 1991 opinion is consistent with those of two examining doctors on May 30,

4   1991 (at Tr. 235-41). (Tr. 23, 26-27; 234, 273-75). Dr. Berkeley opines, in this

5   earlier opinion, Weyand has no neurogenic claudication (Tr. 243), a requirement for

6   meeting Listing 1.04C. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 1.04C.  The ALJ

7   appropriately gave Berkeley's earlier opinion greater weight.

8        An ALJ may properly reject any opinion that is brief, conclusory and

9   inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211,

10   1216 (9th Cir. 2005).  Opinions that are internally inconsistent may properly be given

11   less weight. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 603

12   (9th Cir. 1999).

13        It bears repeating that the claimant has the burden of producing medical

14   evidence that establishes all the of medical findings contained in the Listings at step

15   three. *See Bowen v. Yuckert*, 482 U.S. 137, 146 and n. 5 (9187).  Weyand failed to

16   do so.

17        There was no error at step three or in weighing the evidence.

18        *C. February 10, 1989 vocational assessment*

19        Weyand alleges the ALJ failed to address a vocational assessment conducted

20   by Tim Blair in 1989. ECF No. 13 at 16-17. The Commissioner responds that any

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 11

error is harmless because the report is based on Weyand's discredited complaints and Blair's findings are consistent with the ALJ's. ECF No. 16 at 14-15.

This assessment was made three years before Weyand's last insured date. Blair notes Weyand had been unemployed for three years, since 1988, due to an injury suffered on the job. Blair performed vocational testing (Tr. 169-70). He notes Weyand commented that, despite continual pain from the back injury "he could do light work if his doctor approved it" (Tr. 176). Weyand was not taking any medication (Tr. 170).

Blair opined Weyand would be best suited to light or sedentary work. He lists tool crib attendant, drapery upholstery measurer and ready-mix dispatcher as possible jobs. Testing shows Weyand able to work under production demands (Tr. 178, 180-82). Blair noted it would be important to compare Weyand's Physical Functioning Questionnaire results with a current physical capabilities report to understand functional limitations more accurately (Tr. 179).

The court agrees any error is harmless. Blair admitted an assessment of Weyand's limitations could not accurately be based on self-report; instead, a medical assessment of physical capabilities was needed.

*D. Step five*

Weyand alleges the RFC and hypotheticals fail to completely and accurately include all of his limitations. ECF No. 13 at 17-18. This unhelpfully restates the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

allegation that the ALJ failed to properly weigh the evidence. The court has determined there was no error.

Although Weyand alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 16**, is **granted.**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 22nd day of October, 2013.

_S/ James P. Hutton_

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 14